UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VANESSA MOORE )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>Defendant. ) | Civil Case No. 09-54 (RJL) |

## MEMORANDUM OPINION
(February 26, 2010) [# 17]

Plaintiff, Vanessa Moore ("Moore"), brings this action against the District of Columbia, (the "defendant") seeking damages pursuant to 42 U.S.C. § 1983 for violation of her First Amendment rights; 42 U.S.C. § 1981 for violation of her Fifth Amendment rights; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for sexual harassment and retaliation; two claims of breach of contract; and a claim of intentional infliction of emotional distress. Before the Court is the defendant's Motion To Dismiss. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the defendant's motion is GRANTED.

### BACKGROUND

Plaintiff is a police officer employed by the District of Columbia Metropolitan Police Department ("MPD"). Compl. ¶ 1. On March 22, 2004, Moore filed a complaint with MPD of sexual harassment by her supervisor. *See id.* ¶ 4. On September 22, 2004, the MPD's EEO investigator recommended sustaining her allegation of sexual harassment

in violation of Title VII and restoring her sick leave. *Id.* ¶ 5. On April 20, 2005, the MPD EEO Unit affirmed the investigator's findings of sexual harassment and a hostile work environment in violation of Title VII. *Id.* ¶ 6. On June 14, 2005, Moore wrote the Chief of MPD asking for restoration of 672 hours of sick leave. *Id.* ¶ 7. Moore's sick leave was never restored. *Id.* ¶ 8. Moore also alleges that beginning in October 2004, MPD claimed that she failed to comply with the qualification required for her firearm. *See id.* ¶¶ 10–12. Moore asserts that she complied with the requirements for reinstatement and was prevented from returning to her previous job assignment as retaliation for her decision to file an internal EEO complaint. *See id.* ¶¶ 12–18. On January 9, 2009, Moore filed the instant action.

## ANALYSIS

Defendant moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion to dismiss shall be granted if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotation marks omitted) (alteration in original). Unfortunately for Moore, even taking as true all of the allegations in her complaint, each one of her claims must be dismissed.

Before suing under Title VII in district court, an aggrieved party must exhaust her administrative remedies. *See Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1366 (D.C. Cir. 1998). Under Title VII, an administrative complaint must be filed with the EEOC within 180 days of the alleged unlawful employment practice, unless the complainant first instituted proceedings with a state or local agency, in which case the limitations period is extended to a maximum of 300 days. *See* 42 U.S.C. § 2000e-5(e); *Currier*, 159 F.3d at 1366 & n.2. In Moore's case, she failed to file a complaint with the EEOC, and her time to do so has long since expired, even using the more generous 300 day limit. Accordingly, she cannot bring suit in this Court for her Title VII claims because of her failure to exhaust her administrative remedies.

Moore's claims under § 1981 and § 1983 must also fail, as they fall outside of the relevant statute of limitations.[1] In our Circuit, the statute of limitations for both § 1981 and § 1983 claims is three years. *See Carney v. American Univ.*, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (citing D.C. Code § 12-301(8)). As described in the Complaint and delineated above, the alleged discriminatory and retaliatory conduct in question occurred in 2004, and Moore did not file suit until 2009, well beyond the three-year statute of limitations. Moore's repeated requests for MPD to restore her leave over the next few years do not change the fact that the limitations period had already commenced. *See Del.*

---

[1]  As noted by the defendant, the plaintiff's First Amendment claim may have been mistakenly included in the Complaint, as this claim alleges facts found nowhere else in the Complaint and refers to violations of "Captain Gresham's rights." *See* Compl. ¶ 34.

*State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (noting that the limitations period runs from the date of the alleged discrimination, even when the effects of the alleged discrimination do not occur until later).

Moore's common law claims are also time-barred. Her contract claims arise from alleged breaches of her employment contract and settlement contract because she was sexually harassed and allegedly retaliated against for reporting the harassment. Her intentional infliction of emotion distress claim alleges that the defendant filed an adverse action against her by misrepresenting that she failed to qualify with her weapon. The statute of limitations for these claims is three years. *See* D.C. Code § 12-301(7) (contract claims); *Saunders v. Nemati*, 580 A.2d 660, 665 (D.C. 1990) (intentional infliction of emotion distress falls under D.C. Code § 12-301(8)). As with her constitutional claims, Moore failed to file her complaint within three years of the conduct on which she bases her claims. Therefore, her common law claims must also be dismissed.

## CONCLUSION

For all of the foregoing reasons, the Court GRANTS the defendant's Motion To Dismiss and DISMISSES the action in its entirety. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge